UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

| Case No. | SACV 19-00018 AG (DFMx) | Date | April 1, 2019 |
|---|---|---|---|
| Title | KATRINA EISINGER ET AL. V. CITY OF ANAHEIM ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING MOTION TO REMAND**

This state law case is in federal court because of a few lines in Plaintiffs' seventeen-page complaint. Those lines generally reference the United States Constitution, the First, Fourth, and Fourteenth Amendments, and one Supreme Court decision—*Monell v. Department of Social Services*, 436 U.S. 638 (1978). (*See* Compl., Dkt. No. 1-1 at ¶¶ 1, 5, 85.)

But Plaintiffs say that the federal language in their complaint is "incidental" and that none of their state law claims "necessarily depend on the resolution of any federal law, including *Monell*-related doctrines". (Reply, Dkt. No. 15 at 6-7.) True to this belief, Plaintiffs agreed to revise their complaint and delete any federal language in their complaint, provided Defendants stipulate to remanding this case. (Mot., Dkt. No. 12 at 13.) But Defendants refused. (*Id.*) And curiously, instead of seeking leave to amend, Plaintiffs filed this remand motion, asking the Court to send this case back to state court despite the complaint's current references to federal law.

The Court is concerned about the parties' inability to resolve this somewhat trivial jurisdictional dispute on their own, especially after facilitating discussions on this very topic at a recent scheduling conference. And as the Court considers how best to handle the issues presented by Plaintiffs' motion, an important quote comes to mind: "[n]othing is to be more jealously guarded by a court than its jurisdiction." *United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00018 AG (DFMx) | Date | April 1, 2019 |
|---|---|---|---|
| Title | KATRINA EISINGER ET AL. V. CITY OF ANAHEIM ET AL. | | |

With this in mind, the Court employs Federal Rule of Civil Procedure 12, which authorizes the Court to, on its own authority, strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Based on Plaintiffs' current position that the federal language is "incidental" and unnecessary to their state law claims, the Court STRIKES the following language from Plaintiffs' complaint:

- "the United States Constitution and" (Compl. at ¶ 1);
- "and their rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and his rights under Article 1, Sections 1, 7 and/or 13 of the United States Constitution" (*id.* at ¶ 85).

The Court also STRIKES paragraph five of Plaintiffs' complaint, which contains the *Monell* reference. (*See id.* at ¶ 5.)

Separate from the stricken language, the parties assert no other grounds for this Court to exercise jurisdiction over this case. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See* 28 U.S.C. § 1447(c). Consequently, remand is appropriate. The Court therefore REMANDS this case to Orange County Superior Court.

As for the attorney fee request, Plaintiffs argue that Defendants should pay for costs associated with the present motion because Defendants lacked an objectively reasonable basis for removal. (Mot. at 14.) When a case is remanded, "[28 U.S.C.] Section 1447(c) authorizes courts to award costs and fees [incurred as a result of removal], but only when such an award is just." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005). This generally includes an attorney fee award "where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. But "[in] applying this rule, district courts retain discretion to consider whether unusual circumstances warrant departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney fees." *Id.*

Here, the Court concludes that an award of attorney fees wouldn't serve the interest of justice. At the time Defendants removed this case, Defendants had an objectively reasonable basis for removal. Indeed, Plaintiffs' complaint contained numerous references to federal law, including one allegation that appeared to assert a federal claim under *Monell*. (*See* Compl. at ¶¶ 1, 5, 85.) And although Plaintiffs blame the present motion on Defendants' refusal to stipulate to

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00018 AG (DFMx) | Date | April 1, 2019 |
|----------|--------------------------|------|---------------|
| Title | KATRINA EISINGER ET AL. V. CITY OF ANAHEIM ET AL. | | |

remand, Plaintiffs are equally at fault. Plaintiffs could have avoided all the proceedings in this Court by simply removing, at the outset of this case, the language in their complaint they now describe as "incidental" and unnecessary. The Court therefore DENIES Plaintiffs' request for fees.

The Court GRANTS IN PART Plaintiffs' motion to remand. (Mot., Dkt. No. 12.) The Court REMANDS this case to Orange County Superior Court. All other pending matters are VACATED.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | mku | |